[No. 11519. Department Two. February 4, 1914.]

GEORGE HAYES, *Respondent*, v. NORTHERN PACIFIC RAILWAY COMPANY, *Appellant*.[1]

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $2,000 will not be held excessive, where plaintiff, a painter, in a fall of over fifty feet into a river, sustained a rupture and an independent injury to the left side, problematical as to its character and duration.

Appeal from a judgment of the superior court for Pierce county, Chapman, J., entered May 10, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action

[1]Reported in 138 Pac. 269.

for personal injuries sustained by a painter in the fall of a scaffold. Affirmed.

*Geo. T. Reid, J. W. Quick*, and *L. B. da Ponte*, for appellant.

*John Burton Keener*, for respondent.

MORRIS, J.—On January 15, 1913, while respondent and four other painters were working on a scaffold suspended beneath a bridge over the Cowlitz river, engaged in painting the bridge, the scaffold broke, throwing three of the men, including the respondent, a distance of some fifty-four feet into the river. Two of the men were drowned. Respondent brings this action to recover damages for injuries sustained by him in the fall. He recovered a verdict for $2,000, upon which judgment was entered, and the railway company appeals.

Two errors are urged; one, suggesting insufficiency of the evidence upon which appellant based motions for instructed verdict, for judgment notwithstanding the verdict, and for new trial; and the other, that the verdict is excessive.

The negligence alleged was that one of the the the planks in the scaffold, and the one which broke precipitating the three men into the river, "was brittle, fragile, weak, and unsound," and that the foreman assembled too many men on the plank, making the weight too great for it to sustain. The scaffold was minutely described to the jury, together with the number of men ordered to work upon it by the foreman, and the positions in which the men stood, and what they were doing at the time the plank upon which the respondent and the three others were working broke. Without reciting the evidence from which it might be so held, we think it is sufficient to sustain a finding that the plank in question was too weak for the weight and strain it was subjected to.

Respondent's injury was a rupture or hernia. There was also evidence of an injury to the left side, problematical as

to its character and duration, which was independent of the rupture. We cannot, under these circumstances, say the verdict is excessive.

The judgment is sustained.

CROW, C. J., FULLERTON, and MOUNT, JJ., concur.